**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x

LOR, INC.,

                Plaintiff,

      -against-

ALLIED WORLD NATIONAL
ASSURANCE COMPANY,

                Defendant.

------------------------------------------------------ x

No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1.      In this action, Plaintiff LOR, Inc. ("LOR") seeks to recover its defense costs from its insurance company, Defendant Allied World Assurance Company ("Allied World"), in connection with now-resolved litigation in Georgia state court styled, *Rollins, et al. v. Rollins, et al.*, Civil Action File No. 2010CV190046, Superior Court of Fulton County, Georgia (the "2010 Litigation"). Allied World admitted that it owes a defense to LOR and certain officers under an Allied World Professional Liability policy sold and issued to LOR. Then, almost four years later, Allied World changed its position and asserted that an insurance policy exclusion bars coverage. Allied World is incorrect. The insurance policy exclusion on which Allied World relies and that Allied World quoted in its claim denial correspondence to LOR does not actually appear in the insurance policy that Allied World drafted, a fact that Allied World later admitted to LOR. The exclusion, as written and otherwise, does not bar coverage for LOR's insurance claim.

2.      In addition to the litigation referenced in paragraph 1 hereof, LOR also seeks to recover its defense costs from Allied World for a related case filed by the same underlying plaintiffs in Georgia state court styled, *Rollins, et al. v. LOR, Inc.*, Civil Action No. 2014CV249480, Superior Court of Fulton County, Georgia (the "2014 Litigation"). Under the terms of Allied World's insurance policy, any subsequent claim that is related to the 2010 Litigation is to be treated as being part of the same claim as the 2010 Litigation, and LOR properly submitted the 2014 Litigation to Allied World as a related claim. Allied World disputes that the 2014 Litigation is related to the 2010 Litigation and denies any obligation to defend that matter.

## PARTIES

3.      LOR is a Georgia corporation with its principal place of business at 1908 Cliff Valley Way NE, Atlanta, Georgia 30329.

4.      Upon information and belief, Allied World is a New Hampshire corporation with its principal place of business at 199 Water Street, New York, New York 10038.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that LOR and Allied World are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C §§ 1391(b)(1), 1391(c)(2), and 1391(d), because Allied World's principal place of business is in this District.

7.      This Court has personal jurisdiction over Allied World because its principal place of business is in this District.

## FACTUAL BACKGROUND

8.      In August, 2010, plaintiffs—beneficiaries of certain trusts that were
shareholders of LOR—commenced the 2010 Litigation against certain individual
defendants.  Two of the defendants in the 2010 Litigation were executives at LOR.  As
described by the Georgia Supreme Court, "In 2010, four of the nine beneficiaries of the
[]trusts brought suit against the trustees alleging breach of trust and breach of fiduciary
duty and seeking, *inter alia*, an accounting of the family entities."  *Rollins v. Rollins*, 755
S.E.2d 727, 729 (Ga. 2014).  In that lawsuit, underlying plaintiffs alleged that stock in
LOR, a privately held company, was the primary asset and source of income for the various
trusts.

9.      Allied World sold and issued "World Private Company Professional
Liability Package Policy" No. 0305-6601 to LOR covering the period June 17, 2010 to
June 17, 2011 (the "Policy").  A true and correct copy of the Policy is attached as Exhibit 1.
The Policy is a claims-made insurance policy.

10.     LOR paid the premiums for the Policy.

11.     The Policy took effect on June 17, 2010.

12.     Allied World delivered the Policy to LOR's insurance broker no later than
July 31, 2010.

13.     Upon receipt of the complaint in the 2010 Litigation, LOR provided notice
to Allied World under the Policy by letter dated January 10, 2011.

14.     By letter dated May 16, 2011, Allied World advised that no insurance
coverage was available at that time because LOR had not been named as a defendant, but
Allied World accepted the letter as notice of circumstance, meaning that any future claim

related to the 2010 Litigation would fall within the Policy.  A true and correct copy of the May 16, 2011 letter is attached as Exhibit 2.

15.     On November 17, 2011, plaintiffs filed an amended complaint in the 2010 Litigation, and LOR promptly informed Allied World of this development.

16.     In response to this information, Allied World, by letter dated December 21, 2011, advised LOR:  "Unlike the initial complaint in the [2010] Litigation, the Amended Complaint names LOR as a defendant, and now also alleges Wrongful Acts by Gary Rollins and Randall Rollins in their capacities as Executives[] of LOR."  A true and correct copy of the December 21, 2011 letter is attached as Exhibit 3.

17.     In its December 21, 2011 letter, Allied World acknowledged that it had an obligation to defend LOR and its two executives, Gary Rollins and Randall Rollins, commencing on November 17, 2011:

> Accordingly, the Amended Complaint, which was deemed filed as of November 17, 2011, triggers Allied World's duty to defend Gary Rollins, Randall Rollins, and LOR.  Pursuant to Section 2(d)(i) of the Policy, as amended by Endorsement 7, **Defense Costs** do not include "amounts incurred prior to the date of a **Claim**[] is first made and reported to the **Insurer**, pursuant to the terms of the applicable Coverage Section."  Given that the **Claim** was first made on November 17, 2011, Allied World will recognize—subject to an appropriate allocation, as discussed below—those **Defense Costs** incurred by the **Insureds** on and after November 17, 2011 as covered, and as eroding the $100,000 retention applicable to the D&O Coverage Part.

*See* Ex. 3.

18.     In addition to the foregoing admission regarding insurance coverage, Allied World further sought an allocation of the defense between what Allied World considered to be covered and uncovered matters.  *Id.*

19.     Allied World and LOR were not able to reach agreement on any allocation and, as a result, Allied World has not reimbursed any defense costs to LOR or its executives.

20.     In 2014, the Georgia Supreme Court issued the first of its two opinions in the 2010 Litigation.  In its first opinion, the Georgia Supreme Court, like Allied World, recognized that the plaintiffs sought to hold Gary and Randall Rollins liable for their "corporate duties and actions" with respect to LOR.  *See Rollins*, 755 S.E. 2d at 731.  In holding that Gary and Randall Rollins were to "be held to a corporate level fiduciary standard when acting as directors" of LOR, the Georgia Supreme Court relied on the fact that plaintiffs' trusts were minority shareholders in LOR, and Gary and Randall Rollins were required "to act in the interest of all the shareholders" in their roles as directors of LOR.  *Id.* The Georgia Supreme Court also recognized that Randall Rollins was not a trustee of plaintiffs' S-trusts and had "no obligations to the beneficiaries as a trustee of the S-trusts." *Id.*

21.     Almost four years after admitting that it has an obligation to defend LOR and its executives, Allied World has attempted to reverse course.  By letter dated August 21, 2015, Allied World, through its counsel, asserted that the 2010 Litigation was excluded from coverage under the Policy.  The letter quoted the purportedly applicable exclusion as follows:

This policy shall not cover and **Loss** in connection with any **Claim**:

             *             *           *

(h) alleging, arising out of, based upon or attributable to any actual or alleged act or omission of any **Insured Person** serving in any capacity other than as an **Executive** or an **Employee** or an **Outside Entity Insured Person**[.]

A true and correct copy of the August 21, 2015 letter is attached hereto as Exhibit 4.

22.     Allied World's letter does not accurately quote the exclusion that appears in its Policy.

23.     Allied World's supposed quotation changes the exclusion by transforming a colon to a period (indicated by the "[.]" in the text above) and then omits the language that follows the colon in the Policy.

24.     The exclusion that Allied World relies on actually appears in the Allied World Policy as follows:

**3.**   **EXCLUSIONS**

This policy shall not cover any **Loss** in connection with any **Claim**:

                          * * *

(h)   alleging, arising out of, based upon or attributable to any actual or alleged act or omission of any **Insured Person** serving in any capacity other than as an **Executive** or an **Employee** or  an **Outside Entity Insured Person**:

    (i)    brought by or on behalf of any **Insured**, other than an **Employee**;  provided, however, that this exclusion shall not apply to:

    (ii)    any **Claim** brought by an **Insured Person** that is in the form of a cross-claim or third-party claim for contribution or indemnity which is part of, and results directly from, a **Claim** which is not otherwise excluded under the terms of this Coverage Section;

    (iii)    a shareholder derivative action, but only if such action is brought and maintained without the solicitation, approval, assistance, active participation or intervention of any **Insured**;

*See* Ex. 1 at 41 of 61.

25.     Thus, the exclusion applies where the **Claim** is "brought by or on behalf of any **Insured** . . . ."

26.     The 2010 Litigation includes claims brought by or on behalf of plaintiffs who are not Insureds.

27.     When advised that the exclusion cited in its letter is not the exclusion that appears in the Policy, Allied World, through its counsel, asserted by letter dated December 16, 2015, that the "Insured Capacity Exclusion simply contains a formatting error." A true and correct copy of the December 16, 2015 letter is attached as Exhibit 5.

28.     Allied World further asserted that "this formatting error was corrected in the LOR policy for the subsequent policy period." *See* Ex. 5.

29.     LOR disagrees with Allied World's apparent position that Allied World may unilaterally re-write the exclusion. The exclusion must be applied as drafted and sold by Allied World and as it appears in the Policy.

30.     In 2015, following Allied World's assertion that Gary and Randall Rollins were not being sued in their capacity as officers or directors of LOR, the Georgia Supreme Court held otherwise. In its second opinion, the Georgia Supreme Court summarized the 2010 Litigation as follows:

> Plaintiffs seek damages for the manner in which they have allegedly been impacted by certain corporate management decisions Gary and Randall have made in their role as managers of certain family entities, specifically RHC and LOR, such as the transfer of stock owned by LOR to a new partnership that Gary and Randall control and the decision to retain allegedly excessive earnings in LOR.

*Rollins v. Rollins*, 780 S.E.2d 328, 334 (Ga. 2015)

31.     The Georgia Supreme Court then left no doubt as to the "capacity" in which Gary and Randall Rollins were being sued:

> The record evidence demonstrates that the corporate decisions complained of by the plaintiffs could only have been made by Gary and Randall *in their capacity as managers of the family entities* and are precisely the type of conduct we directed the Court of Appeals to review in accordance with a corporate fiduciary standard.

*Id.* (emphasis added).

32.     Despite the Georgia Supreme Court's decision that Gary and Randall Rollins were acting "in their capacity as managers of the family entities," Allied World continues to deny coverage for the defense of 2010 Litigation and assert that Gary and Randall Rollins were not sued in their capacity as directors or officers of LOR.

33.     In addition to the disagreement over coverage for the defense of the 2010 Litigation, the parties also disagree over coverage for the defense of the 2014 Litigation.

34.      In the 2014 Litigation, the same plaintiffs who filed the 2010 Litigation filed suit against three of the same defendants in the 2010 Litigation.   In its opinion, the Georgia state court noted that 2014 Litigation was another piece of litigation—like the 2010 Litigation—arising from the fracturing of the Rollins family in 2010.  *See Rollins v. LOR, Inc.*, 2017 WL 3386542, *6 (Ga. Sup. Ct. Apr. 28, 2017).

35.     The Policy provides that any future claim "alleging, arising out of, based upon or attributable to the facts alleged in the previously noticed **Claim**, or alleging the same or related **Wrongful Act** alleged in the previously noticed **Claim**, shall be considered related to the previously noticed **Claim** and shall be deemed to have been made at the time notice of the previously noticed **Claim** was provided to the **Insurer**."  Ex. 1 at 16 of 61.

36.     The Policy further provides that "[i]f during the **Policy Period** . . . an **Insured** shall become aware of any circumstances which may reasonably be expected to give rise to a **Claim** being made against an **Insured** and shall give written notice to the **Insurer** of the circumstances including the **Wrongful Act** allegations anticipated and the reasons for anticipating such a **Claim**, with full particulars as to dates, persons and entities involved, any **Claim** that is subsequently made against the **Insured** alleging, arising out of, based upon or attributable to such circumstances, shall be considered made at the time written notice of circumstances was given to the **Insurer**." *Id.*

37.     LOR provided notice to Allied World of the 2014 Litigation as a claim related to the 2010 Litigation or the notice of circumstances that Allied World previously accepted.

38.     Allied World disagrees that the 2014 Litigation is related to the 2010 Litigation or the notice of circumstances that Allied World previously accepted and has denied coverage for the 2014 Litigation.

39.     LOR has paid more than the Policy's limits of liability of $10,000,000 in defense costs for the 2010 Litigation and the 2014 Litigation, none of which Allied World has reimbursed to LOR.  Thus, LOR seeks to recover damages from Allied World in this action, including the Policy's $10,000,000 limit of liability as well as interest.

### COUNT I.
### Breach of Contract

40.     LOR incorporates by reference each of the preceding paragraphs.

41.     Allied World had a duty to defend LOR and the individual insureds in the 2010 Litigation.

42.     Allied World breached its duty to defend LOR and the individual insureds in the 2010 Litigation when it refused to defend LOR and the individual insureds or reimburse defense costs.

43.     As a result of that breach, LOR has suffered damages in an amount to be determined.

## COUNT II.
## Breach of Contract

44.     LOR incorporates by reference each of the preceding paragraphs.

45.     Allied World had a duty to defend LOR and the individual insureds in the 2014 Litigation.

46.     Allied World breached its duty to defend LOR and the individual insureds in the 2014 Litigation when it refused to defend LOR and the individual insureds or reimburse defense costs.

47.     As a result of that breach, LOR has suffered damages in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, LOR respectfully requests that this Court issue a judgment providing:

     (a)     That Allied World breached its contract with LOR, as set forth above;

     (b)     Damages for breach of contract, as set forth above;

     (c)     Pre-judgment interest on any damages award;

     (d)     Post-judgment interest on any damages award;

     (e)     Costs of suit incurred herein;

     (f)     Resolution of any other disputes between the parties that become known or arise during the course of this litigation;

(g)     Attorneys' fees and costs for prosecuting this action, and

(h)     Any further relief that the Court may deem just and proper.

## **JURY DEMAND**

LOR demands a trial by jury on all issues so triable.

Dated: October 2, 2020                                    JONES DAY

By: */s/ Edward M. Joyce*
    Edward M. Joyce
    JONES DAY
    250 Vesey St.
    New York, NY 10281-1047
    Tel: 212-326-3939
    Fax: 212-755-7306
    Email: emjoyce@jonesday.com

    *Of counsel:*

    Matthew R. Divelbiss
    JONES DAY
    500 Grant Street, Suite 4500
    Pittsburgh, PA  15219
    Phone:  412-391-3939
    Facsimile:  412-394-7959
    Email:  mrdivelbiss@jonesday.com

    *Attorneys for Plaintiff*
    LOR, Inc.