**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOR, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 1:20-cv-08187-JPO<br>) |
| v. | )<br>) |
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, | ) **STIPULATED PROTECTIVE ORDER**<br>)<br>) |
| Defendant. | )<br>) |

**J. PAUL OETKEN, United States District Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

    1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall be used by any recipients solely for the purpose of conducting this litigation and matters related to this litigation, and not for any other purpose whatsoever, and Confidential Discovery Material shall not be disclosed to anyone except as expressly permitted hereunder.

    2. Any party or third party producing Discovery Material may designate as

1

"Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is restricted by law or would likely, in the good faith opinion of the producing person or party, seriously harm the producing person's, party's, or other Rollins family entities' or Rollins family members' business, commercial, financial, or personal interests or cause the producing person or party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non- confidential portion, via redaction or otherwise, only the confidential portion shall be so designated. For purposes of this Order, Confidential Discovery Material also includes any information or material filed under seal or otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to Protective Order entered in *Glen W. Rollins, et al. v. Gary W. Rollins, et al.*, Superior Court of Fulton County, State of Georgia, Civil Action File No. 2010-cv-190046 or *Glen W. Rollins, et al. v. LOR, Inc., et al.*, Superior Court of Fulton County, Business Case Division, State of Georgia, Civil Action File No. 2014CV249480.

3.   With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Testimony taken during a deposition may be designated as "Confidential" either on the record during the deposition or in writing  within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume

and marked "Confidential Information Governed by Protective Order" by the reporter. The designation of any material as "Confidential" shall also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such material.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

5. The Parties shall attempt to agree on procedures governing the use of Confidential Material at any hearing or trial and shall submit those to the Court for its approval. Should the parties fail to agree, nothing herein shall preclude any party or third party from making an application to the Court concerning the handling or treatment of material designated "Confidential" at any hearing or trial in this action.

**Who May Receive Confidential Materials**

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action and their directors, officers, executives, counsel and employees, to the extent necessary or appropriate to the prosecution or defense of this action.

(b)    counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such persons and assigned specifically to work on this action;

(c)    mediators retained specifically for this action, including any paralegal, clerical or other assistant employed by such persons and assigned specifically to work on this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(d)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(e)    any witness who counsel for a party in good faith believes has personal knowledge of such Confidential Discovery Material and may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(g)    stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(h)    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(i)    the Court and its staff;

(j) any auditors, regulators, accountants, actuaries, coverholders, reinsurers and retrocessionaries to whom the receiving party has an obligation to report and/or provide access to its files, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto; and

(k) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(e), 6(f), or 6(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action**

8. Any party or third party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

9. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow § 2(E) of Judge Oetken's Individual Rules and Practices in Civil Cases with respect to pretrial requests for filing under seal.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Request for Production of "Confidential" Discovery Material**

11. A party requested to produce or disclose information or materials designated as "Confidential" under this Order to a nonparty pursuant to a subpoena, civil investigative demand, discovery procedure permitted under the Federal Rules of Civil Procedure, or other formal discovery requests shall object to its production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Order and that the information or materials requested by the nonparty has been designated "Confidential" under this Order.  The party that received the request to produce or disclose "Confidential" information shall further give notice of such request to the party or third party that designated the information or materials as soon as is reasonably possible, but in all instances reasonably prior to the date on which such material designated under this Order is requested to be produced to the nonparty, and shall cooperate with the producing party to maintain the confidentiality of such information.

**Inadvertent Disclosure of Privileged Materials**

12. If, in connection with this litigation, and despite having taken reasonable steps

to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

16. This Protective Order shall survive the termination of the litigation. Within forty-five (45) calendar days after the conclusion of this action in its entirety, any

party that has produced Confidential Material may notify other parties to whom the material was produced, in writing, by document number or other means of identification, those portions of material they wish to have returned or destroyed. All parties or other persons or entities to whom those identified portions were produced either: (a) shall return such material and all copies thereof to counsel for the party that produced it, or (b) shall destroy all such Confidential Material in their possession in a manner that ensures that such material will not be disclosed or disseminated or recovered by any person and provide written confirmation of such destruction. The parties, their counsel, and those persons or entities identified in Paragraph 6(j) shall be entitled to retain all court filings (including exhibits thereto), trial transcripts, trial exhibits, defense invoices for the underlying litigations, and work product (including such work product materials containing, quoting, discussing, or analyzing Confidential Material) (collectively, the "Retained Confidential Material") provided that such persons or entities shall not disclose such Retained Confidential Material to any person except on reasonable notice to the producing party and either pursuant to Court order, regulatory requirement, or subpoena, or by agreement with the party that produced the Retained Confidential Material. The parties, their counsel, and those persons or entities identified in Paragraph 6(j) shall not be entitled to retain discovery documents (including discovery depositions and document productions) unless such discovery documents are included within the Retained Confidential Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. "Conclusion of this action in its entirety" means such time after all appeal periods have expired, including such time following entry of an order finally approving settlement and disposing of this

action fully and completely as to all parties.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| For Plaintiff LOR, Inc.: | For Allied World National Assurance Company: |
|---|---|
| Signed: */s/ Matthew R. Divelbiss* <br> Name: Matthew R. Divelbiss <br> Dated: April 8, 2022 | Signed: */s/ William J. Brennan* <br> Name: William J. Brennan <br> Dated: April 8, 2022 |

**SO ORDERED**.

Dated:  April 13 , 2022

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED WORLD NATIONAL ASSURANCE COMPANY, <br><br> Defendant. | Civil Action No.: 1:20-cv-08187-JPO <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation or as provided in the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____               _____
                                                 [Signature]