UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOR, INC.,

                          Plaintiff,

              -v-

ALLIED WORLED NATIONAL
ASSURANCE COMPANY,

                          Defendant.

20-CV-8187 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Following the Court's September 15, 2021 Opinion and Order (Dkt. No. 21) granting

LOR, Inc.'s ("LOR") motion to partially dismiss the counterclaim filed by Allied World

National Assurance Company ("Allied"), Allied filed a motion for reconsideration pursuant to

Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.  LOR subsequently moved for

summary judgment to dismiss several of the affirmative defenses pleaded in Allied's answer.

For the reasons that follow, Allied's motion is denied, and LOR's motion is granted.

I.      **Motion for Reconsideration**

The Court assumes familiarity with the factual background in this case as set forth in its

previous opinion.  *LOR, Inc. v. Allied World Nat'l Assurance Co.*, No. 20 Civ. 8187, 2021 WL

4200642, at *1–2 (S.D.N.Y. Sept. 15, 2021).  On September 15, 2021, this Court granted LOR's

motion to partially dismiss Allied's declaratory judgment counterclaim.  As relevant here, the

Court concluded that the Policy does not exclude coverage of the "2010 Litigation."  *Id.* at *4.

Allied now moves for reconsideration of the Court's Opinion and Order.  (Dkt. No. 25.)

A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be

granted only if the movant satisfies the heavy burden of demonstrating an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

1

manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks omitted).  It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (cleaned up).  It is therefore treated as an "extraordinary remed[y]" that is to be employed sparingly.  *Fireman's Fund*, 10 F. Supp. 3d at 475.

Allied argues that the Court erred in partially dismissing its declaratory judgment counterclaim because the Court: based its decision on an "erroneous description" of the relief that Allied seeks; failed to apply binding Georgia precedent and Georgia law's "cardinal rule" of contract construction; and interpreted the relevant Policy exclusion in a manner irreconcilable with the rest of the Policy's text.  (Dkt. No. 26 at 2–14.)  The Court addresses each argument in turn.

### A.    Allied's Requested Relief

Allied asserts that it seeks only a single "miniscule punctuation change" in the Policy (Dkt. No. 26 at 3), meaning the Court mischaracterized the relief sought by Allied when it stated that "'Allied concedes that the Court would need to [make multiple changes to the Policy's text]" for the Policy to exclude the 2010 Litigation, *LOR, Inc.*, 2021 WL 4200642, at *3.

In making this argument, Allied ignores the words of its own brief in opposition to LOR's motion to dismiss.  Allied admitted in that brief that its endorsed "reasonable reading of the [Policy's] text" required reading several formatting, numbering, and punctuation changes

into the Policy's text (*see* Dkt. No. 18 at 10), all of which the Court discussed in its Opinion and

Order, *see LOR, Inc.*, 2021 WL 4200642, at *3.  Allied now disagrees with the Court's reliance

on Allied's own admissions in determining, and ultimately denying, the relief that Allied seeks.

But Allied has not presented a "change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice," *Fireman's Fund*, 10 F. Supp. 3d at

475, as required under Rule 59(e).

        B.      **Georgia Precedent and Law**

        Allied also contends that the Court overlooked or misapplied controlling Georgia

precedent, and impermissibly relied on dicta from a Georgia decision that it asserts was

overruled.  Additionally, Allied argues that the Court did not adhere to Georgia's "cardinal rule

of construction" that contracts "shall be enforced irrespective of all technical or arbitrary rules of

construction."  Ga. Code Ann. § 13-2-3 (2010).

        However, the Court considered each of the cases and statutes that Allied cites in its brief

supporting its motion for reconsideration, all of which Allied cited in its previous brief (*see* Dkt.

No. 18 at 6–7, 9, 12).  The Court concluded from its review of Georgia precedent and law that it

had to strictly interpret the Policy's exclusions against Allied, even if the Policy had

"typographical error[s]," as Allied conceded.  *LOR, Inc.*, 2021 WL 4200642, at *3.  This

conclusion flows directly from the only Georgia case either party cited that addresses the issue

here: the interpretation of an insurance policy exclusion with a likely typographical error.  *See*

*Mich. Homes, Inc. v. U.S. Fid. & Guar. Co.*, 374 S.E.2d 323, 324 (Ga. Ct. App. 1988) (noting

that "a more reasonable interpretation" of an insurance policy exclusion would read in the

correction of a likely typographical error — replacing "of" with "or" — but holding that the

exclusion must still be strictly construed as written against the insurer).  Other Georgia decisions

confirm that exclusions in insurance policies must be strictly construed against insurers.  *See*

*Travelers Indemn. Co. v. Whalley Constr. Co., Inc.*, 287 S.E.2d 226, 229 (Ga. Ct. App. 1982) (collecting cases).

Allied "merely seeks to relitigate [issues] that [were] previously decided," *Hernandez v. Loans*, No. 16 Civ. 3755, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016), in again arguing that *Michigan Homes* is not good law and that other Georgia decisions on contract interpretation require a different outcome here.  This is not an appropriate basis for granting a Rule 59(e) motion.  *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2013 WL 4441475, at *2 (S.D.N.Y. Aug. 20, 2013) (denying reconsideration where the movant "has simply rehashed arguments it has already made and that this Court has already rejected"); *R.F.M.A.S Inc., v. Mimi So.*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration.").

### C.    Interpretation of the Policy

Lastly, Allied argues that the Court's interpretation of the Policy is "unreasonable as a matter of law."  (Dkt. No. 26 at 13.)  Allied again has not presented a "change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Fireman's Fund*, 10 F. Supp. 3d at 475, as required under Rule 59(e).  This argument "appears to be little more than an effort to re-litigate an issue that the Court has already decided." *Goonan v. Fed. Rsrv. Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013).

While Allied may disagree with the Court's September 15, 2021 Opinion and Order, it has failed to point to any controlling law or fact that this Court overlooked or any clear error warranting reconsideration.[1]

## II.   Motion for Partial Summary Judgment

### A.   Legal Standard[2]

A party is entitled to summary judgment if it can "show[ ] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if "it might affect the outcome of the suit under the governing law."  *Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at *1 (S.D.N.Y. Feb. 26, 2018) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002)).  The party moving for summary judgment bears the burden of showing that no genuine dispute of material fact exists, *id.*, and in assessing whether the movant has carried this burden, a court "must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his or her favor,"  *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 166 (S.D.N.Y. 2006).

### B.   Discussion

Allied pleaded ten separate affirmative defenses as to why LOR's claims are without merit in its answer.  LOR moves for summary judgment on Allied's ninth affirmative defense —

---

[1] In the alternative, Allied asks the Court to certify its September 15, 2021 Opinion and Order for immediate appeal.  The Court declines to do so.  The Court's decision does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion," and an immediate appeal of the decision would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

[2] The Court again assumes familiarity with the factual background in this case as set forth in its previous opinion.  *LOR, Inc*, 2021 WL 4200642, at *1–2 (S.D.N.Y. Sept. 15, 2021).

which asserts that the Court should reform the Policy (Dkt. No. 12 at 9) — and Allied's fourth

and eight affirmative defenses — both of which contend that the Policy should be interpreted in a

manner that would exclude the 2010 Litigation from coverage.  The Court addresses each in turn.

### 1.    Allied's Affirmative Defense of Reformation

LOR asserts that Allied's affirmative defense requesting reformation of the Policy must

fail as a matter of law because it is time barred.  "Where jurisdiction rests upon diversity of

citizenship, a federal court sitting in New York must apply the New York choice-of-law rules

and statutes of limitations."  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998); *see*

*also id.* at 627 ("New York courts generally apply New York's statutes of limitations, even when

the injury giving rise to the action occurred outside New York").  Under New York law, a six-

year statute of limitations applies to reformation claims based on an alleged scrivener's error, *see*

N.Y. C.P.L.R. § 213 (McKinney), and it begins to run on the date that the alleged error was

committed, *see Wallace v. 600 Partners Co.*, 658 N.E.2d 715, 717 (N.Y. 1995) ("[W]e note that

[the] tenant's claim for reformation is time-barred.  The six-year Statute of Limitations of CPLR

213(6) began to run in 1960, at the time the asserted 'scrivener's error' was allegedly

committed.").  Allied admits that it issued the Policy no later than July 31, 2010 (Dkt. No. 39

¶ 2), making its request of reformation untimely under C.P.L.R. § 213 since Allied did not seek

reformation until 2020.

Yet Allied contends that its affirmative defense of reformation is not time barred because

it falls within the purview of New York's revival statute C.P.L.R. § 203(d).  C.P.L.R. § 203(d)

provides, in relevant part, that:

> [A] defense or counterclaim [that] arose from the transactions, occurrences, or
> series of transactions or occurrences, upon which a claim asserted in the
> complaint depends, [] is not barred . . . notwithstanding that [the defense or
> counterclaim] was barred at the time the claims asserted in the complaint were
> interposed.

N.Y. C.P.L.R. § 203(d) (McKinney); *see also Bloomfield v. Bloomfield*, 764 N.E.2d 950, 952 (N.Y. 2001) ("It is axiomatic that claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the Statute of Limitations, even though an independent action by defendant might have been time-barred at the time the action was commenced").  Allied argues that its affirmative defense of reformation arises from the same transaction as LOR's breach of contract claims, making reformation of the Policy available.  But New York law forecloses Allied's argument.  A breach of contract claim, which involves a party trying to enforce the terms of a contract as written, does not revive an effort to reform the terms of the same contract.  *See, e.g.*, *SCM Corp. v. Fisher Park Lane Co.*, 358 N.E.2d 1024, 1025 (holding that a counterclaim "based on the assertion that the [contract] between [the parties] should be reformed[] does not arise 'from the transactions, occurrences, or series of transactions or occurrences' upon which the [plaintiff's] claim [to enforce the terms of the contract] depends"); *182 Franklin St. Holding Corp. v. Franklin Pierrepont Assocs.*, 630 N.Y.S.2d 64, 66 (N.Y. 1st Dep't. 1995) ("As the defendants here do not seek to enforce any rights under the same agreement that plaintiff seeks to enforce, but rather seek to reform it, they are not entitled to rely on CPLR 203 (d).").  As the *Franklin* court recognized, allowing breach of contract claims to revive otherwise untimely reformation claims would "relieve counsel and their clients of their obligation to review [the contract] at the closing, and to act with due diligence to correct any error at the closing or, if necessary, in a timely action for reformation." *Franklin*, 630 N.Y.S.2d at 66.

The Court accordingly grants LOR summary judgment on Allied's affirmative defense of reformation and dismisses this defense.

####    2.    Allied's Affirmative Defenses on the Interpretation of the Policy

LOR also argues that Allied's fourth and eighth affirmative defenses fail as a matter of law because both defenses assert an interpretation of the Policy that the Court considered — and ultimately rejected — in its September 15, 2021 Opinion and Order.  The Court agrees.  For the reasons set forth in that Opinion and Order, and rearticulated above, the Court grants LOR summary judgment and dismisses Allied's fourth and eighth affirmative defenses.

## III.    Conclusion

For the foregoing reasons, Allied's motion for reconsideration is DENIED, and LOR's motion for partial summary judgment is GRANTED.

The Clerk of Court is directed to close the motions at Docket Number 25 and 31.

SO ORDERED.

Dated: June 7, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge